**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-03310 JAK (AGRx) | Date | August 15, 2012 |
| Title | Rehan Nazir v. City of Torrance, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Dkt. 12)    JS-6**

**I.    Introduction**

Plaintiff Rehan Nazir has brought this action against Defendants the City of Torrance (the "City") and its Chief of Police, John Neu, to challenge the September 2010 termination of his employment with the Torrance Police Department. Plaintiff brings three causes of action:

(1) Violations of California Government Code §§ 3304(d) and 3309.5;
(2) Negligent training and supervision; and
(3) "Violation of Equal Protection under the United States and California Constitutions." First Amended Complaint ("FAC"), Dkt. 11.

Defendants moved to dismiss the First Amended Complaint. Dkt. 12. The Court heard oral argument on this motion on July 16, 2012, and took the matter submission. Dkt. 22. For the reasons set forth in this Order, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment, without leave to amend, and REMANDS Plaintiff's state law claims to the Superior Court.

**II.    Factual Background**

Plaintiff was employed as a police officer in the Torrance Police Department. FAC ¶ 1. Neu was the Chief of Police at that time. FAC ¶ 3. On April 14, 2007, Plaintiff and another officer arrested a suspected narcotics dealer based on information provided by a confidential informant; the arrestee also matched the description for a suspect wanted in a convenience store robbery. FAC ¶¶ 6-11. Plaintiff prepared two probable cause declarations ("PCDs") for the incident. In what he alleges was consistent with department custom, Plaintiff omitted from the PCDs information regarding use of the confidential informant because there was independent probable cause to arrest the suspect. FAC ¶ 13. In October 2008, the suspect's attorney learned of the use of the confidential informant and moved to dismiss the robbery case. FAC ¶ 15. The District Attorney's Office did so. FAC ¶ 16. In December 2008, the City

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03310 JAK (AGRx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Rehan Nazir v. City of Torrance, et al. | | |

"investigated Nazir or sought to discipline him at that time." FAC ¶ 17. On February 2, 2009, the District Attorney's Office notified Plaintiff that it had conducted an investigation of the arrest and concluded that the PCDs contained false information because they failed to document the use of the confidential informant. FAC ¶ 18. The District Attorney's Office considered this "*Brady* material"[1] and, as a result, decided to place Plaintiff into its "*Brady* Alert System" (the "System"). *Id.* On April 23, 2010, Plaintiff submitted written objections to his placement in the System, but they were denied. FAC ¶ 24. In June 2010, Plaintiff was placed in the System. FAC ¶ 25. On June 10, 2010, the District Attorney's Office contacted the City and Neu regarding Plaintiff's placement in the System. FAC ¶ 26. On August 16, 2010, the City, through Neu, informed Plaintiff of its intent to terminate Plaintiff based on his placement in the System, and on the District Attorney's Office's statement that it would refuse to file cases in which Plaintiff was involved. FAC ¶ 27. Plaintiff alleges that these explanations were pretextual. *Id.* On September 9, 2010, Plaintiff was terminated. *Id.*

### III.  Procedural Background

Plaintiff originally filed this action in this Court on September 1, 2010. *See Nazir v. County of Los Angeles, et al.*, LA CV10-06546. The action named five Defendants: the County of Los Angeles, the County of Los Angeles District Attorney's Office, Lawrence E. Mason, the City, and Neu. Plaintiff brought five causes of action: (1) violations of 42 U.S.C. § 1983 (alleging violations of his rights to Due Process under the Fifth and Fourteenth Amendments); (2) petition for writ of administrative mandate under California Code of Civil Procedure § 1094.5; (3) petition for writ of administrative mandate under California Code of Civil Procedure § 1085; (4) violations of 42 U.S.C. § 1983 (alleging retaliation in violation of the First Amendment); and (5) violations of California Government Code §§ 3304(d) and 3309.5. Plaintiff alleged that he was terminated in retaliation for filing certain grievances regarding his employment, unrelated to the arrest and subsequent *Brady* determination. On March 2, 2011, the Court denied the City's motion to dismiss Plaintiff's retaliation claim, dismissed with prejudice all claims arising under federal law against the County, the District Attorney, and Mason, and declined to exercise supplemental jurisdiction over the state law claims against those three Defendants. Dkt. 37. The Court stayed the state law claims against the City and Neu. Neu and the City moved for summary judgment on the retaliation claim. The Court granted Defendants' motion, holding that Plaintiff's retaliation claim failed because: (i) his speech was not on a matter of public concern; and (ii) Plaintiff had failed to establish a genuine issue of material fact that his speech was a motivating factor for his termination. Aug. 3, 2011 Order, Dkt. 65.[2] The Court also held that there were legitimate business reasons for

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] The question before the Court on summary judgment was whether Plaintiff had created a genuine issue of material of fact that he was terminated for certain allegedly public speech he made, including various grievances, appeals, writs, and complaints arising from Plaintiff's employment. The Court held that Plaintiff could not establish a retaliation claim based on such speech because it was not a matter of public concern. Aug. 3, 2011 Order, pp.5-7, Dkt. 65. Additionally, as an alternative grounds for granting summary judgment as to Plaintiff's retaliation claim, the Court held that Plaintiff had failed to create a "genuine issue of fact as to whether Plaintiff's speech was a substantial or motivating factor in his termination," *id.* at p.8, because there was no evidence that Defendants had knowledge of the substance of his *Brady*-related appeal, *id.* at p.9. The issue decided by the Court was not that Plaintiff's termination was based *soley* upon his placement in the System, as opposed to its being based on any

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03310 JAK (AGRx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Rehan Nazir v. City of Torrance, et al. | | |

Plaintiff's termination. The Court then declined to exercise supplemental jurisdiction over the remaining state law claims against the City and Neu. Oct. 6, 2011 Order, Dkt. 69. Those claims were dismissed, without prejudice to Plaintiff refiling them in the Superior Court.

      Plaintiff filed a Verified Complaint in the Superior Court on November 4, 2011. Notice of Removal, Exh. A, Dkt. 1. This complaint named only Defendants Neu and the City, and brought only two state law causes of action: (1) violations of California Government Code §§ 3304(d) and 3309.5, and (2) negligent training and supervision. On March 14, 2012, Plaintiff filed a Verified Amended Complaint, which added a third cause of action, "Violation of Equal Protection under the United States and California Constitutions." Notice of Removal, Exh. D, Dkt. 1. Because a federal question had been reintroduced, Defendants removed the action to this Court on April 16, 2012. Dkt. 1. This case was assigned its current name and number, *Nazir v. City of Torrance, et al.*, LA CV12-03310. On May 4, 2012, Plaintiff filed his First Amended Complaint. Dkt. 11. On May 21, 2012, Defendants moved to dismiss. Dkt. 12.

**IV.    Analysis**

    **A.    Equal Protection**

        1.    Plaintiff's Claims

      Plaintiff claims that he was terminated because he was placed into the System. He also alleges that there are other peace officers, whom Plaintiff has not identified, who have "*Brady* materials" in their personnel files, but who have not been placed into the System notwithstanding that these *Brady* materials would qualify them for inclusion. Plaintiff claims that these other peace officers have not been terminated, because they are not in the System, whereas Plaintiff was terminated because he was placed in the System. Plaintiff claims that this constitutes an Equal Protection violation. Thus, he argues that it is unconstitutional to terminate only those officers who have been placed in the System, and not those who nonetheless have material in their personnel files that would qualify them for placement in the System. *See* FAC ¶¶ 47-48.

---

prior investigation into Plaintiff's *Brady* violations, or possible knowledge that Defendants may have had regarding alleged *Brady* violations. Rather, the issue presented to, and decided by, the Court was whether the termination was based on Plaintiff's placement in the System as opposed to on any protected, First Amendment activity. The Court did state that "Plaintiff's termination occurred following his placement on the 'Brady List' by the District Attorney's Office. It is undisputed that Neu made the decision to terminate Plaintiff's employment and that he made this decision following the placement of Plaintiff on the Brady List." *Id.* at p.1. However, this statement addressed only the temporal sequence of events: the termination occurred subsequent to the placement in the System. The Court did not state -- because it did not determine -- that placement in the System caused the termination.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03310 JAK (AGRx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Rehan Nazir v. City of Torrance, et al. | | |

     2.    <u>Legal Standard</u>

A plaintiff "has no cause of action directly under the United States Constitution"; "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "When analyzing an Equal Protection claim, heightened scrutiny is applied only when a restriction burdens a suspect class or a fundamental right. Without heightened scrutiny, a distinction need be only rationally related to a legitimate purpose." *NAACP, L.A. Branch v. Jones*, 131 F.3d 1317, 1321 (9th Cir. 1997). Termination from government employment not based on a suspect classification is not subject to heightened scrutiny, and instead, is subject only to rational basis review. *See, e.g.*, *NYC Transit Auth. v. Beazer*, 440 U.S. 568, 594 (1979) (upholding city's exclusion of methadone users from employment under rational basis review); *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 316 (1976) (upholding a mandatory retirement age, a classification based on age, under rational basis review). "[T]hose attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it." *FCC v. Beach Commc'ns*, 508 U.S. 307, 315 (1993). "[W]here rationality is the test, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." *Mass. Bd. of Ret.*, 427 U.S. at 316. However, the "State may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *City of Cleburne*, 473 U.S. at 446. Whether a given classification violates the Equal Protection Clause under rational basis review may be determined on a motion to dismiss. *See Taylor v. Rancho Santa Barbara*, 206 F.3d 932, 938 (9th Cir. 2000) (affirming district court's grant of defendant's motion to dismiss, because the challenged statutory scheme passed rational basis review, and thus, "the plaintiff [had failed] to state a constitutional claim upon which relief [could] be granted"). The state actor employing the challenged classification need not "articulate at any time the purpose or rationale supporting its classification," and thus the court need not investigate the actor's actual reasons for so classifying; the inquiry is instead whether "any reasonably conceivable" basis could justify the classification. *Heller v. Doe*, 509 U.S. 312, 320 (1993).

Additionally, in the government employment context ,a plaintiff may not base an equal protection claim on a "class of one." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008). As the Supreme Court has explained,

> In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise. . . . This principle applies most clearly in the employment context, for employment decisions are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify. . . . Thus, the class-of-one theory of equal protection—which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03310 JAK (AGRx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Rehan Nazir v. City of Torrance, et al. | | |

    least rationality review—is simply a poor fit in the public employment context. To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship.

*Id.* at 603-05.

       3.    <u>Application</u>

    The proposed class Plaintiff identifies -- those in the System -- does not constitute a suspect class under the United States Constitution. Thus, there must only be a rational basis to uphold the Defendants' alleged disparate treatment of such class members and those officers who have "*Brady* materials" in their files but who have not been placed into the System. There are various rational bases for such a distinction. First, those entered into the System have been designated by the District Attorney as officers whose reports and testimony will not be deemed a reliable basis for a prosecution. Accordingly, such officers have far less utility than those who have not been placed into the System. Among other things, those placed in the System cannot perform various departmental duties that could require that they be witnesses in criminal prosecutions. Second, those in the System have been subject to the investigation and review procedures. Thus, it would be rational for Defendants to terminate only those who have been through such procedures, and not those who, because of the presence of some *Brady* materials in their files, might be eligible for entry into the System, but have not been investigated. Third, a review of all files for *Brady* material may be significantly more costly and less efficient than terminating only those who have been placed in the System following an independent review. Fourth, terminating all those with *Brady* material in their files might disqualify too many officers, leaving the department understaffed for purposes of police work that could lead to prosecutions -- a different outcome than the termination of a smaller number of officers who have been placed in the System. *See RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1155 (9th Cir. 2004) (a state actor "must be allowed leeway to approach a perceived problem incrementally," and such incremental classification will not be held to violate Equal Protection on rational basis review). Each of these is a conceivable, legitimate basis for differential treatment. Therefore, under the rational basis review standard, each suffices to justify and immunize the alleged discrimination against an Equal Protection claim. Plaintiff has not rebutted these, or any other, conceivable bases for Defendants' actions. Thus, even if Plaintiff had brought this cause of action under § 1983, and not more broadly under the United States Constitution, his Equal Protection claim would fail as a matter of law. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claim for denial of Equal Protection under the United States Constitution, with prejudice.

    The parties dispute whether Plaintiff has brought a "class of one" Equal Protection claim. Defendants argue that Plaintiff has made a "disingenuous attempt" to transform his termination claim into a class-based Equal Protection claim by alleging that there are other peace officers who suffered the same discrimination alleged by Plaintiff. Def. Mot., p.12:19, Dkt. 12. Plaintiff argues that he belongs to a class of those in the System who were the victims of discrimination. The Court does not reach the issue whether Plaintiff has attempted to plead around *Engquist*'s "class of one" prohibition, because even if there were a genuine class-based claim based on those in the System, their termination would not violate the Equal Protection Clause.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03310 JAK (AGRx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Rehan Nazir v. City of Torrance, et al. | | |

### B.     Supplemental Jurisdiction

Where a "district court has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c). "When federal claims are dismissed before trial," supplemental "state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992); *see also O'Connor v. Nevada*, 27 F.3d 357, 363 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of the factors of economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims."). The decision to decline supplemental jurisdiction under 28 U.S.C. § 1367(c) lies with the district court's discretion. *Foster v. Wilson*, 504 F.3d 1046, 1052 (9th Cir. 2007). A district court may decline to exercise supplemental jurisdiction *sua sponte*. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 n.3 (9th Cir. 1997).

The Court has granted Defendants' motion to dismiss as to Plaintiff's only claim arising under federal law. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, for violations of California Government Code §§ 3304(d) and 3309.5; negligent training and supervision; and "Violation of Equal Protection under the . . . California Constitution[]." These claims are remanded to the Superior Court. *See Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008) (upholding district court's decision to remand remaining state law claims, following removal of federal and state law claims and subsequent dismissal of federal claims).

### V.     Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's claim for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, with prejudice. Plaintiff's remaining state law claims are REMANDED to the Superior Court, County of Los Angeles, Stanley Mosk Courthouse, Case No. BC472979.

**IT IS SO ORDERED.**

                                                                                                    :

                                                        Initials of Preparer     ak